UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

IN RE:

| | |
|---|---|
| EMLYN COAL PROCESSING, LLC | CASE NO. 11-61483 |
| DEBTOR IN POSSESSION | CHAPTER 11 |

**DEBTORS' EXPEDITED MOTION FOR TURNOVER
OF PROPERTY OF THE ESTATE**

Come Montie's Resources, LLC ("Montie's") and Emlyn Coal Processing, LLC ("Emlyn," and together with Montie's, the "Debtors"), by counsel, and pursuant to 11 U.S.C. § 542, Fed. R. Bankr. P. 9014 and other applicable law, hereby move the Court to order Globe BG LLC ("Globe BG") to turn over certain property of their respective bankruptcy estates, to wit: a 2001 Caterpillar D10R Track Type Tractor, Serial No. 3KR01551 (the "Bulldozer"). In support of his Motion, the Debtors state as follows:

**JURISDICTION AND VENUE**

1.     On November 4, 2011 (the "Petition Date"), the Debtors filed with this Court voluntary petitions for relief under Chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code"). The Debtors are operating their businesses as a debtors and debtors in possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

2.     This Court has jurisdiction over these Chapter 11 cases pursuant to 28 U.S.C. §§ 157 and 1334. This matter constitutes a core proceeding under 28 U.S.C. §§ 157(b)(2)(A) and (E).

3. Montie's and Emlyn are Tennessee and Minnesota limited liability companies, respectively, which maintain their principal places of business in Whitley County, Kentucky. Accordingly, venue for the Debtors' Chapter 11 cases is proper in this District under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

4. On or about April 7, 2011, GBG Financial, LLC ("GBG") entered into a Commercial Equipment Lease Agreement (the "Agreement") with the Debtors to acquire the Bulldozer. A true and accurate copy of the Agreement is attached hereto as Exhibit A and incorporated herein by reference.[1]

5. The Agreement called for the Debtors to make monthly payments of $30,480.00 and provided that these monthly obligations could be satisfied by Globe Metallurgical, Inc. ("GMI") offsetting that monthly amount against coal sale proceeds due the Debtors from GMI. *See* Exhibit A, ¶¶ 3-4. The Debtors monthly obligations under the Agreement were satisfied pursuant to § 4 of the Agreement in that GMI offset amounts it owed the Debtors under a coal supply agreement against the monthly payments the Debtors owed GBG under the Agreement, and the Debtors have paid in excess of $100,000.00 under the Agreement.

6. The Agreement is a "capital lease" by which the Debtors acquired certain benefits of ownership, including categorizing the Bulldozer as an asset and reporting depreciation. Further, the Agreement is akin to a purchase agreement because the Debtors made all payments under the Agreement, they have an "Option to Purchase" the Bulldozer for the nominal fee of $1.00. *See* Exhibit A, ¶ 6.

---

[1] Globe BG, LLC is not a party to the Agreement, but as described below, is the entity which has possession of the Bulldozer.

7. Contemporaneously with execution of the Agreement, Emlyn agreed to ship essentially all of its metallurgical coal to GMI based on an expression of interest from GMI and its parent company in acquiring an interest in Emlyn. Negotiations continued for several months, however, no transaction ever closed. In August, 2011, the offer to acquire a portion of Emlyn was withdrawn and Globe Specialty Metals, Inc. acquired Emlyn's chief competitor, Alden Resources, LLC. On August 4, 2011, GMI rejected a large shipment of coal and refused to pay Emlyn, contrary to the terms of the supply contract between the parties and their prior course of dealing. As a result, GMI did not offset any additional payments under the Agreement and the Debtors were unable to continue making the monthly payments.

8. On October 17, 2011, Globe initiated a civil action against the Debtors and others in Whitley Circuit Court styled as *Globe BG LLC v. Emlyn Coal Processing LLC, et al.*, Case No. 11-CI-00855 (the "State Action"). On October 21, 2011, Globe obtained an Ex Parte Writ of Possession (the "Writ") for possession of the Bulldozer from the Debtors' premises which is attached hereto as Exhibit B and incorporated herein by reference.

9. The Bulldozer was seized from the Debtors' pursuant to the aforesaid Writ although there is no showing in the State Action that Globe BG even has any interest in the Bulldozer. The Bulldozer is essential to the Debtors' operations. Its seizure has hindered the Debtors' ability to cure defaults and continue generating revenues, which were already disrupted by GMI's refusal to accept or pay for coal under the coal supply agreement, contrary to its terms.

10. Under the Agreement, GBG is the real party with an interest in the Bulldozer, Globe BG has no interest in it, and possession should be restored to the Debtors.

## **RELIEF REQUESTED**

11.    The Debtor requests that Globe BG and any agent acting on its behalf be ordered to return the Bulldozer to the Debtors immediately as (i) the Bulldozer is property of the estate, the Debtors have a substantial need for its use; (ii) Globe BG has no interest in the Bulldozer; and (iii) even if Globe BG had a valid interest in the Bulldozer, such an interest is adequately protected by the equity in the Bulldozer.

12.    As of the date Globe BG seized the Bulldozer the Debtor had paid over $100,000.00, over one-third of the purchase price for the Bulldozer. The Agreement provides that if all payments were made thereunder the Debtors would have title to the Bulldozer in exchange for $1.00. In effect, then, the Debtors had, and continue to have, rights to equity in and possession of the Bulldozer at the time it was seized by Globe BG.

13.    Moreover, the Debtors use the Bulldozer in coal mining and processing operations and it is be integral to the Debtors continued operations and any plans of reorganization the Debtors would propose.

14.    Finally, assuming without conceding that Globe BG has some interest in the Bulldozer, its interest is or could be adequately protected in that either (i) the value of the Bulldozer exceeds the amount remaining to be paid under the Agreement, or (ii) all loans and payments due under the Agreement are claimed to be secured by other assets of the Debtors. Both of these factors provide adequate protection for any depreciation in the value of the Bulldozer during the pendency of this Bankruptcy Case.

WHEREFORE, Debtors respectfully request entry of an Order requiring Globe BG to immediately restore possession of the Bulldozer to the Debtors.

# **NOTICE**

The foregoing Motion shall come on for hearing before this Honorable Court on Wednesday, November 9, 2011, at 9:00 a.m., ET in the United States Bankruptcy Courtroom, Second Floor, 100 East Vine Street, 2nd Floor, Lexington, Kentucky, or as soon thereafter as Counsel may be heard.

Respectfully submitted,

DELCOTTO LAW GROUP PLLC


/s/ Dean A. Langdon, Esq.
J. Wesley Harned, Esq.
200 North Upper Street
Lexington, KY 40507
Telephone:  (859) 231-5800
Facsimile:   (859) 281-1179
dlangdon@dlgfirm.com
wharned@dlgfirm.com
COUNSEL FOR DEBTOR AND
DEBTOR IN POSSESSION
(UNDER PENDING APPLICATION)

and

TROUTMAN & NAPIER, PLLC

/s/ Gregory A. Napier
Hon. Gregory A. Napier
Firebrook Mansion
4740 Firebrook Boulevard
Lexington, KY  40513
Telephone: 859-253-0991
Facsimile: 888-877-1147
gnapier@troutmannapier.com
C0-COUNSEL FOR DEBTOR AND
DEBTOR IN POSSESSION
(UNDER PENDING APPLICATION)

## **CERTIFICATE OF SERVICE**

      In addition to the parties who will be served electronically by the court's ECF System, the undersigned certifies that a true and accurate copy of the foregoing will be served by electronic mail or first class mail on November 7, 2011, on the parties listed on the proposed Master Service List, which includes counsel of record for Globe BG.

                                              /s/ Dean A. Langdon, Esq.
                                              COUNSEL FOR DEBTOR
                                              AND DEBTOR IN POSSESSION
                                              (UNDER PENDING APPLICATION)

Z:\Clients\Emlyn Coal Processing\Pleadings\542 Turnover Mtn 20111106.doc