UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION

IN RE:

EMLYN COAL PROCESSING, LLC            CASE NO. 11-61483
                                                                  CHAPTER 11
       DEBTOR IN POSSESSION

## ORDER FOR INTERIM USE OF CASH COLLATERAL

This matter having come before the Court upon the Debtor's Motion for Interim Use of Cash Collateral (the "Motion") [ECF No. 9], David N. Kloeber, Jr. ("Mr. Kloeber") having filed an Objection thereto (the "Objection") [ECF No. 21], and the Court having heard arguments of counsel at a hearing conducted on November 9, 2011, reviewed the record and being otherwise sufficiently advised;

IT IS ORDERED AND ADJUDGED as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue of the Debtor's case and the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter constitutes a core proceeding under 28 U.S.C. § 157(b)(2)(A).

2. Notice of the hearing on the Motion has been given via hand delivery, facsimile, electronic mail and/or overnight express mail, as appropriate, on the United States Trustee, the Internal Revenue Service, Commonwealth of Kentucky Revenue Cabinet, all of the Debtor's secured creditors, and the 20 largest unsecured creditors of the Debtor. Under the circumstances, such notice of the hearing and the specific relief requested in the Motion complies with the requirements of 11 U.S.C. § 102(1) and Fed. R. Bankr. P. 2002 and 4001. The Debtor has provided adequate notice under the circumstances pursuant to Fed. R. Bankr. P. 4001 of the hearing to consider entry of this

1

Order to all persons who are entitled to receive such notice.

3. Good cause has been shown for entry of this Order. The entry of this Interim Order is in the best interests of the Debtor's creditors and the Estate. The terms of this Order, including the terms of the use of the Cash Collateral[1] and the security interests, liens, rights, and priorities granted hereunder are fair under the circumstances.

4. Subject to the other terms contained herein, the Debtor is hereby authorized to use Cash Collateral only in accordance with this Order from the Petition Date through the final hearing scheduled below (the "Interim Period"). During the Interim Period, the Debtor may use Cash Collateral to pay those items designated in the budget attached hereto as Exhibit A and incorporated herein by reference (the "Budget"); provided, however, that Debtor may exceed any particular line item amount designated so long as the Debtor does not exceed one hundred and ten (110%) percent of the total weekly Budget amount. The Debtor may not exceed the budgeted amounts for the member salary, adequate protection or payment for professionals during the Interim Period. Any expenditure which would cause the Debtor to exceed the total weekly Budget amount by more than ten (10%) percent shall require the written consent of its Cash Collateral Creditors or approval of this Court prior to such expenditures being made. If a Cash Collateral Creditor believes that an expense necessary for continued operations has been omitted as a line item on the Budget, they may suggest an amendment to the Budget to the Debtor or seek such an amendment from the Court.

5. As stated on the record at the hearing held on November 9, 2011, the parties have stipulated and agreed that during the Interim Period, beginning on Monday, November 14, 2011, Mr. Montanari will receive weekly compensation of $5000.00 and Mr. Kloeber will receive weekly adequate protection payments via wire transfer of $10,000.00, respectively. During the Interim

---

[1] All terms not otherwise defined herein shall have the same meaning given such terms in the Motion.

Period, the Debtor will not make any payments under the Budget for expenses identified as "Rent" without providing Mr. Kloeber information establishing the entity being paid, the purpose of the payment and a representation that the recipient is not an insider of or affiliated with the Debtor or Mr. Montanari.

6. Subject to the entry of an Order approving the employment of DelCotto Law Group PLLC ("DLG") and Troutman and Napier, PLLC ("T&N"), there is expressly carved out of the Debtor's Cash Collateral during the Interim Period the sums set forth as DIP/Comte/Acct/UST Fees in the Budget and the Debtor is authorized and directed to pay the weekly budgeted amounts for such expenses to T&N's escrow account to be held pending further orders of the Court. Mr. Kloeber reserves all rights to object to the allowance of any professional fees on an interim or final basis.

7. As adequate protection for any diminution in the value of the Cash Collateral Creditors' interests in the Cash Collateral during the Interim Period, pursuant to 11 U.S.C. §§ 361 and 363, the Cash Collateral Creditors are granted liens (the "Replacement Liens") upon all of the Debtor's post-petition receivables, proceeds or other assets (the "Postpetition Collateral") to the same extent, validity, and priority as the Cash Collateral Creditors held on the Petition Date.

8. The Replacement Liens granted by this Order shall be deemed effective, valid and perfected as of the Petition Date without the necessity of the filing or lodging by or with any entity of any documents or instruments otherwise required to be filed or lodged under applicable non-bankruptcy law. This Order shall be deemed to be a security agreement for purposes of creation, attachment and perfection of the Replacement Liens on and the security interests in, to and against the Postpetition Collateral.

9. The Replacement Liens granted to the Cash Collateral Creditors under this Order are in addition to, and not in lieu or substitution of, the rights, obligations, claims, security interests and

3

prepetition liens and priorities granted under the existing agreements between the parties.

10. As additional adequate protection, the Debtor shall continue to account for all cash use, and the proposed cash use as set forth in the Budget is being incurred primarily to preserve property of the Estate. The Debtor shall provide such information, or access to such information, as Mr. Kloeber may reasonably request during the Interim Period.

11. The Debtor's right to use Cash Collateral shall cease and terminate immediately and without further notice unless specifically stated otherwise, upon the earlier of: (i) two business days after the final hearing scheduled by this Order, unless the Cash Collateral Creditors unanimously agree in writing to an extension of this Order; (ii) the termination or suspension of this Order by a subsequent order of this Court; or (iii) five business days after the issuance of written notice to the Debtor and its counsel that the Debtor has failed to make any adequate protection payment due to Kloeber during the Interim Period.

12. The parties and counsel identified on the service list now in effect as approved by the Court shall be served with copies of this Interim Order. All parties in interest shall have until noon on November 22, 2011, to file written objections to this Interim Order, the Motion or any additional requests to support the Debtor's further and final proposed cash use. Mr. Kloeber may, but is not required to file a supplemental objection to the Motion, and the Objection shall be considered at the hearing set forth below. Any objections shall be in writing and copies thereof shall be served upon the parties listed on the Master Service List.

13. A final hearing upon the Motion and for continued use of Cash Collateral shall be held before this Court on Tuesday, November 29, 2011, at 9:00 a.m. (ET) (the "Hearing Date") in the United States Bankruptcy Court, 100 E. Vine Street, Second Floor, Lexington, Kentucky. Prior to the conclusion of the Final Hearing, the Debtor is authorized and directed to execute and comply

4

with the terms of this Order and is further authorized to use Cash Collateral under all of the terms and conditions provided in this Order.

Tendered by:

DELCOTTO LAW GROUP PLLC

/s/ Dean A. Langdon, Esq.
J. Wesley Harned, Esq.
200 North Upper Street
Lexington, KY 40507
Telephone:  (859) 231-5800
Facsimile:   (859) 281-1179
dlangdon@dlgfirm.com
COUNSEL FOR DEBTOR AND
DEBTOR IN POSSESSION
(UNDER PENDING APPLICATION)

TROUTMAN & NAPIER, PLLC

/s/ Gregory A. Napier
Hon. Gregory A. Napier
Firebrook Mansion
4740 Firebrook Boulevard
Lexington, KY  40513
Telephone: 859-253-0991
Facsimile: 888-877-1147
gnapier@troutmannapier.com
C0-COUNSEL FOR DEBTOR AND
DEBTOR IN POSSESSION
(UNDER PENDING APPLICATION)

HAVE SEEN:

FROST BROWN TODD LLC

/s/ Patricia K. Burgess
Patricia K. Burgess, Esq.
250 West Main Street, Suite 2800
Lexington, KY 40507
Tel: (859) 231-0000
Fax: (859) 231-0011
E-mail: pburgess@fbtlaw.com
COUNSEL FOR DAVID N. KLOEBER, JR.

**Pursuant to Local Rule 9022-1(c) Dean A. Langdon, Esq. shall cause a copy of this Order to be served on each of the parties listed on the proposed master service list and shall file with the Court a certificate of service of the Order upon such parties within fourteen (14) days hereof.**

Z:\Clients\Emlyn Coal Processing\Pleadings\Emlyn Pleadings\Cash Coll Interim Use Ord VF 20111109.doc

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
*The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.*



**Signed By:**
*Joseph M. Scott, Jr.*
**Bankruptcy Judge
Dated: Wednesday, November 09, 2011
(jms)**

EMLYN COAL PROCESSING, LLC
ESTIMATED WEEKLY BUDGET

| | WEEK 1 | WEEK 2 | WEEK 3 | WEEK 4 | WEEK 5 | WEEK 6 | WEEK 7 | WEEK 8 | WEEK 9 | WEEK 10 | WEEK 11 | WEEK 12 | WEEK 13 | TOTALS |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **RECEIPTS** | | | | | | | | | | | | | | |
| COAL SALES | 194,261.54 | 194,261.54 | 194,261.54 | 194,261.54 | 194,261.54 | 194,261.54 | 194,261.54 | 194,261.54 | 194,261.54 | 194,261.54 | 194,261.54 | 194,261.54 | 194,261.54 | 2,525,400.00 |
| OTHER REVENUE | | | | | | | | | | | | | | 0.00 |
| TOTAL RECEIPTS | 194,261.54 | 194,261.54 | 194,261.54 | 194,261.54 | 194,261.54 | 194,261.54 | 194,261.54 | 194,261.54 | 194,261.54 | 194,261.54 | 194,261.54 | 194,261.54 | 194,261.54 | 2,525,400.00 |
| **OERATING DISBURSEMENTS** | | | | | | | | | | | | | | |
| **COST OF PRODUCTION** | | | | | | | | | | | | | | |
| PRODUCTION COSTS COAL | 77,005.00 | 77,005.00 | 77,005.00 | 77,005.00 | 77,005.00 | 77,005.00 | 77,005.00 | 77,005.00 | 77,005.00 | 77,005.00 | 77,005.00 | 77,005.00 | 77,005.00 | 1,001,065.00 |
| WAGES | 20,930.00 | 20,930.00 | 20,930.00 | 20,930.00 | 20,930.00 | 20,930.00 | 20,930.00 | 20,930.00 | 20,930.00 | 20,930.00 | 20,930.00 | 20,930.00 | 20,930.00 | 272,090.00 |
| PAYROLL TAXES | 1,900.00 | 1,900.00 | 1,900.00 | 1,900.00 | 1,900.00 | 1,900.00 | 1,900.00 | 1,900.00 | 1,900.00 | 1,900.00 | 1,900.00 | 1,900.00 | 1,900.00 | 24,700.00 |
| FREIGHT IN | 12,000.00 | 12,000.00 | 12,000.00 | 12,000.00 | 12,000.00 | 12,000.00 | 12,000.00 | 12,000.00 | 12,000.00 | 12,000.00 | 12,000.00 | 12,000.00 | 12,000.00 | 156,000.00 |
| FREIGHT OUT | 32,815.38 | 32,815.38 | 32,815.38 | 32,815.38 | 32,815.38 | 32,815.38 | 32,815.38 | 32,815.38 | 32,815.38 | 32,815.38 | 32,815.38 | 32,815.38 | 32,815.38 | 426,600.00 |
| SOUTHLAND SECURITY | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 | 6,000.00 | 78,000.00 |
| EQUIP LEASES | | | | | | | | | 10,000.00 | | | | 10,000.00 | 20,000.00 |
| TOTAL COST OF PRODUCTION | 150,650.38 | 150,650.38 | 150,650.38 | 150,650.38 | 150,650.38 | 150,650.38 | 150,650.38 | 150,650.38 | 160,650.38 | 150,650.38 | 150,650.38 | 150,650.38 | 160,650.38 | 1,978,455.00 |
| **GENERAL & ADMINISTRATIVE** | | | | | | | | | | | | | | |
| INSURANCE | 2,900.00 | 2,900.00 | 2,900.00 | 2,900.00 | 2,900.00 | 2,900.00 | 2,900.00 | 2,900.00 | 2,900.00 | 2,900.00 | 2,900.00 | 2,900.00 | 2,900.00 | 37,700.00 |
| LEGAL & PROFESSIONAL | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 1,000.00 | 13,000.00 |
| RENT | 4,400.00 | 4,400.00 | 4,400.00 | 4,400.00 | 4,400.00 | 4,400.00 | 4,400.00 | 4,400.00 | 4,400.00 | 4,400.00 | 4,400.00 | 4,400.00 | 4,400.00 | 57,200.00 |
| TAXES | 2,300.00 | 2,300.00 | 2,300.00 | 2,300.00 | 2,300.00 | 2,300.00 | 2,300.00 | 2,300.00 | 2,300.00 | 2,300.00 | 2,300.00 | 2,300.00 | 2,300.00 | 29,900.00 |
| UTILITIES | 2,900.00 | 2,900.00 | 2,900.00 | 2,900.00 | 2,900.00 | 2,900.00 | 2,900.00 | 2,900.00 | 2,900.00 | 2,900.00 | 2,900.00 | 2,900.00 | 2,900.00 | 37,700.00 |
| OTHER | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 2,000.00 | 26,000.00 |
| MEMBER SALARY | 0.00 | 5,000.00 | 5,000.00 | 5,000.00 | TBD | TBD | TBD | TBD | TBD | TBD | TBD | TBD | TBD | 15,000.00 |
| TOTAL G & A | 15,500.00 | 20,500.00 | 20,500.00 | 20,500.00 | 15,500.00 | 15,500.00 | 15,500.00 | 15,500.00 | 15,500.00 | 15,500.00 | 15,500.00 | 15,500.00 | 15,500.00 | 216,500.00 |
| **OTHER EXPENDITURES** | | | | | | | | | | | | | | |
| DIP/COMTEE/ACCT/JJST FEES | 5,000.00 | 5,000.00 | 5,000.00 | 5,000.00 | TBD | TBD | TBD | TBD | TBD | TBD | TBD | TBD | TBD | 20,000.00 |
| KLOEBER ADEQ PROT PYMTS | | 10,000.00 | 10,000.00 | 10,000.00 | TBD | TBD | TBD | TBD | TBD | TBD | TBD | TBD | TBD | 30,000.00 |
| CREDITORS COMMITTEE FEES | | | | | | | | | | | | | | 0.00 |
| TRUSTEE FEES | | | | | | | | | | | | | 6,500.00 | 6,500.00 |
| TOTAL OTHER EXP | 5,000.00 | 15,000.00 | 15,000.00 | 15,000.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 6,500.00 | 56,500.00 |
| NET RECEIPTS | 23,111.15 | 8,111.15 | 8,111.15 | 8,111.15 | 28,111.15 | 28,111.15 | 28,111.15 | 28,111.15 | 18,111.15 | 28,111.15 | 28,111.15 | 28,111.15 | 11,611.15 | 273,945.00 |
| CUMULATIVE NET RECEIPTS | 23,111.15 | 31,222.31 | 39,333.46 | 47,444.62 | 75,555.77 | 103,666.92 | 131,778.08 | 159,889.23 | 178,000.38 | 206,111.54 | 234,222.69 | 262,333.85 | 273,945.00 | |